IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAXIMO MARTINEZ, #1795707, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:15-CV-3926-D-BK |
| | § | |
| WILLIAM STEPHENS, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Plaintiff names as defendant William Stephens, Director of the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ-CID), in this action alleging the denial of appropriate medical care at the Estelle Unit in Huntsville, Texas, where Plaintiff is presently confined. He also names as defendants in a separate claim a state district judge and his former defense counsel for allegedly violating his rights and wrongfully prosecuting and incarcerating him in connection with his 2012 criminal conviction in Dallas County.[1] Plaintiff requests $10,000 in damages and to be "set . . . free." Doc. 3 at 4.

---

[1] According to TDCJ records, Plaintiff is presently confined on the basis of a 2012 Dallas County conviction for driving while intoxicated. *See* TDCJ Offender Information Details available at http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=03315290.

## II. ANALYSIS

Plaintiff's civil rights claims do not all share a common defendant or arise out of the same transaction, thus, they should have been brought in separate lawsuits. *See* FED. R. CIV. P. 20(a)(2)(allowing the joinder of defendants where the claims arise out of the same transaction or series of transactions and contain a question of fact or law common to all the defendants). Here, Plaintiff simply presents two distinct claims. That fact notwithstanding, dismissal with and without prejudice is recommended.

### *Claim of Deliberate Indifference to Medical Needs*

The events giving rise to these claims occurred at the Estelle Unit in Walker County, which lies within the boundaries of the United States District Court for the Southern District of Texas, Houston Division. 28 U.S.C. § 124(b)(2). Therefore, with respect to those claims, venue is not proper in the United States District Court for the Northern District of Texas. *See* 28 U.S.C. § 1391(b).[2]

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a). *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d

---

[2] A civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

916, 919 (5th Cir. 1987) (a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice). Here, given the infancy of the case and the barebones allegations of improper medical care, Doc. 3 at 6, Plaintiff's claims of deliberate indifference to medical needs against Director Stephens should be dismissed without prejudiced to being filed in the Southern District of Texas, Houston Division, where the events at issue occurred.

*Wrongful Prosecution and Incarceration*

Because Plaintiff is proceeding *in forma pauperis*, his claims are subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's remaining claims are frivolous.

The state judge who presided over Plaintiff's criminal case is entitled to absolute immunity from the claim for damages. His complained of actions were performed in his capacity and function as a judge. *Stump v. Sparkman*, 435 U.S. 349, 361-362 (1978). "Judicial

officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Moreover, Plaintiff cannot prove that defense counsel was acting "under color of state law" when the alleged acts and omissions occurred during the state criminal prosecution.[3] *See Polk County v. Dodson*, 454 U.S. 312, 324-325 (1981) (public defender does not act under color of state law in representing a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (same as to court appointed attorney). Further, even assuming Plaintiff could satisfy the color-of-law requirement, a ruling in Plaintiff's favor on the claims pled "would necessarily imply the invalidity of his conviction." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, under *Heck*, his claims are not cognizable under section 1983 unless a court has reversed or invalidated his conviction. *Id.*

Lastly, insofar as Plaintiff seeks habeas relief (namely to be "set … free"), his request is not cognizable under section 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'"). Here, Plaintiff's claims against the state judge and his former defense counsel are fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

---

[3] To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's claims against the state judge and his former defense attorney lack any basis in law and should be dismissed with prejudice as frivolous.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's deliberate indifference to medical needs claims against Defendant Stephens be **DISMISSED WITHOUT PREJUDICE** due to improper venue. See 28 U.S.C. § 1406(a). It is further recommended that Plaintiff's claims against the state judge and his former defense counsel[4] under 42 U.S.C. § 1983 be summarily **DISMISSED WITH PREJUDICE** as frivolous. See 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A(b). The latter dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[5]

**SIGNED** January 5, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] These defendants have only been identified by Plaintiff as "State Judge Michelle" and "Defense Counsel."

[5] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE